UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

GARY THOMAS SHANNON

DEBTOR                                                              CASE NO. 05-50655


JAMES D. LYON, TRUSTEE                                              PLAINTIFF

VS.                                                                 ADV. NO. 06-5013

FRANKLIN MORTGAGE FUNDING;
U.S. BANK, N.A.                                                     DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on the Plaintiff/Trustee's Motion for Summary Judgment filed herein on April 5, 2006.  The Defendants filed a Memorandum in Opposition and their Motion for Summary Judgment on April 14, 2006.  The court conducted a hearing on the motions on May 4, 2006, and set a schedule for submission of briefs on the issue of whether a properly recorded assignment of a mortgage provides notice to a bona fide purchaser of the underlying recorded but unrecordable mortgage.  The parties have filed their supplemental memoranda on this issue and the matter is now ripe for decision.

1.    Factual and procedural background

The Debtor is the owner of real property located in Georgetown, Kentucky.  He executed and delivered to Defendant Franklin Mortgage Funding ("FMF") a promissory note dated January 4, 2002 in the original amount of $208,000.00.  He also executed a mortgage and

adjustable rate rider on the same date.  The mortgage and rider were filed in the Scott County Court Clerk's office on January 7, 2002.  On November 3, 2003 FMF assigned the mortgage to Defendant U.S. Bank, N.A. ("U.S. Bank").  This assignment was filed in the Clerk's office on November 7, 2003.  The Debtor filed his Chapter 13 petition on March 3, 2005.  On March 25, 2005, he voluntarily converted his case to a case under Chapter 7.

The Plaintiff filed this adversary proceeding on January 12, 2006.  He filed an Amended Complaint on January 17, 2006.  The Plaintiff obtained a default judgment against a third Defendant, Denissa Robinson, as executrix of the estate of Laura Ann Robinson, on May 12, 2006.  The Amended Complaint alleged that the Debtor granted a mortgage on the subject real property to FMF, and that he granted a second mortgage to Laura Ann Robinson.  The Plaintiff further alleged that the notary was not present at the closing and signing of the mortgages, and that he, as a trustee, was a hypothetical bona fide purchaser, and has superior title to the property and may avoid any interest the Defendants may have in it.  As set out above, he filed his Motion for Summary Judgment on April 5, 2006.

2.  Discussion

In his Motion for Summary Judgment the Plaintiff argues that 11 U.S.C. § 544(a)(3) confers on him the status of a bona fide purchaser of real property, and that, as such, he may avoid a mortgage that does not satisfy KRS 423.130 entitled "Certificate of person taking acknowledgment."  That statute provides that

> [t]he person taking an acknowledgment shall certify that:
> (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and

2

> (2) The person acknowledging was known to the person taking
> the acknowledgment or that the person taking the
> acknowledgment had satisfactory evidence that the person
> acknowledging was the person described in and who executed
> the instrument.

KRS 423.130. In support of his position, the Plaintiff tendered the Debtor's affidavit which states that the notary was not present at the mortgage closing. He also refers to an affidavit of the notary, Nacole Smith, given in another adversary proceeding in which she stated she was not present at a closing and that the signature on the mortgage was not hers. That affidavit, however, is not attached to any pleading in this proceeding and will not be considered by the court on this motion for summary judgment. Defendants have not presented any evidence in response to debtor's affidavit stating that Nacole Smith was not present at the closing.

The Plaintiff maintains that if the notary was not present at the closing at issue in this matter, she could not certify the information required by KRS 423.130 and it was not a valid acknowledgment pursuant to KRS 382.270, which provides that

> [n]o deed of trust or mortgage conveying a legal or
> equitable title to real property shall be valid against a
> purchaser for valuable consideration, without notice
> thereof, or against creditors, until such deed or mortgage
> is acknowledged or proved according to law and lodged for
> record. As used in this section 'creditors' includes all
> creditors irrespective of whether or not they have acquired
> a lien by legal or equitable proceedings or by voluntary
> conveyance.

KRS 382.270. The Sixth Circuit's holdings in *Rogan v. America's Wholesale Lender (In re Vance)*, 2004 WL 771484 (6th Cir. 2004) and that of the Kentucky Supreme Court in *State Street Bank and Trust Co. v. Heck's, Inc.*, 963 S.W.2d 626, Ky. (1998) have established that a defective but recorded mortgage does not put a bona fide purchaser on

constructive or inquiry notice.  In both the *Vance* and *State Street* cases, the mortgages in question were facially defective: in *Vance* the acknowledgment did not contain the debtors' names (among other things) and in *State Street* the mortgage was not signed by the mortgagors. The present matter is akin to the case before the 6th Circuit Court of Appeals in *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020 (6th Cir. 2001).  In applying Ohio law, the Court found that a non-facially defective mortgage could be avoided by the trustee as not giving constructive notice to a bona fide purchaser.  The fact that the document appeared regular on its face did not prevent the trustee from challenging its execution.  Similarly, under Kentucky law, since KRS 382.270 requires that the document be proved according to law and KRS 423.130 requires that the notary certify that the person signing appeared before the notary and acknowledged his signature, non-facially defective mortgages are subject to challenge by the trustee.

U.S. Bank takes the position that even if the acknowledgment clause of the mortgage is defective and the mortgage was ineligible for recording and must be treated the same as if it had not been recorded, the properly filed assignment of mortgage gives constructive, that is, notice implied or imputed by law, and/or puts parties on inquiry notice and thus prevents the trustee from prevailing.  Specifically, U.S. Bank contends that the recording of the assignment gives constructive notice of that instrument, as a subsequent instrument entitled to record gives constructive notice of its contents, part of which is reference to the instrument (the mortgage) recorded but not entitled to record.  *State Street Bank, supra.*  The Plaintiff counters that since the defective mortgage must

4

be treated as if it is not recorded, an assignment of that mortgage is outside the chain of title, and an instrument recorded outside the chain of title does not give notice to a bona fide purchaser.

The Plaintiff cites several cases in support of his position, including *Goosby v. Johnson*, 69 S.W. 697, Ky. (1902), in which the court stated that ". . . a purchaser is not bound to take notice of the record of a deed made by a grantee of the same grantor if the deed by which the grantee claims title is not on record so as to complete the chain of title." (Internal quotation and citation omitted). *Id.* *Goosby* dealt with deeds (as opposed to mortgages) and held that where A conveyed to B and the deed was not recorded, B's conveyance to C, while prior in time and recording to A's conveyance to D, an innocent purchaser for value, was ineffective to defeat D's title. The question before this court is whether this same principle applies to mortgage interests.

The Plaintiff's argument is that parties are not on constructive notice of matters which would not be revealed by a competent title examination and that mortgages are found in a title examination by following the chain of title through the indices maintained by the clerk. Where the chain of title is broken of record, the title examiner would not discover the deed (or mortgage), as in the *Goosby* case, from B to C, because the chain of title was broken by the failure to record the conveyance from A to B. While the court is not convinced that there is anything approaching a perfect correlation between what a title examination would reveal as defining what documents and other facts of which parties will be charged with constructive notice, there is logic in its application to the present

5

situation. Otherwise parties would be charged with notice of conveyances, such as B to C above, that could only be sure to be revealed by looking at every recorded conveyance and the property description therein.

The impact of an instrument such as an assignment of a mortgage being recorded outside the chain of title is discussed in *Olsen v. Bank One, Rockford, N.A. (In re Bruder)*, 207 B.R. 151 (N.D. Ill. 1997). The court stated:

> Chain of title is defined as the successive conveyances commencing with the patent from the government or some other source and including the conveyance to the one claiming title. . . . An instrument which is recorded, but which cannot be traced back to the original grant because some previous instrument connecting it to the chain of title is unrecorded, lies outside the chain of title . . . . The chain of title can be traced using the grantor-grantee index maintained by the local record of deeds, and in order for the recorded instrument to be effective as against subsequent purchasers and creditors, it must operate to give notice to those looking through the grantor-grantee index. . . . A . . . stray instrument which merely appears in other indices, such as the tract index, does not operate to give constructive notice. . . .

*Id.* at 157 (internal citations and quotations omitted). The court then went on to uphold the bankruptcy court's finding that defendant Bank One's assignment of its interest in a mortgage it had executed under its prior name, First National Bank & Trust, and then recorded under its new name, was outside the chain of title "because there was no prior conveyance or instrument of record linking Bank One to First National." *Id.*

Similarly here, FMF's assignment of its mortgage to U.S. Bank is outside the chain of title because the defective mortgage must be treated as though it was never recorded. The assignment of that mortgage, even though properly recorded, therefore has no prior

conveyance or instrument of record to link it to the chain of title. Further, since the assignment is considered to have been recorded outside the chain of title, no possibility of inquiry notice arises. As stated by the *Bruder* court, "The assignment, . . ., cannot operate (based merely on constructive notice) to put any of these parties on inquiry notice because they are not deemed to have knowledge of it." *Id.* at 159. *But see Citizens Savings Bank v. Covey (In re PAK Builders)*, 284 B.R. 650 (Bankr. C.D. Ill. 2002) in which the court found that parties could be charged with inquiry notice where the defect in the instrument was merely technical.

   The court therefore concludes that the Plaintiff's position in this matter is correct and that parties are not placed on constructive or inquiry notice by an assignment of a mortgage outside of the recorded chain of title. Therefore the trustee's interest in the property is superior to all others and he may avoid the subject mortgage and preserve it for the benefit of the estate. Trustee's counsel shall tender an appropriate judgment.


Copies to:

J.D. Kermode, Esq.
L. Craig Kendrick, Esq.

7

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Tuesday, June 20, 2006
(wsh)**